IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Kenya Dawkins, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:25-cv-2560-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Rando Strickland, Pamela Garrett, | ) | |
| Louis DeJoy, Mellisa Irby Martin, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Kenya Dawkins, proceeding *pro se* and *in forma pauperis*, filed this action against the above-referenced Defendants alleging that she was subject to disability discrimination in the workplace and seeking monetary damages and other relief. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), (g) (D.S.C.), this matter was automatically referred to a United States Magistrate Judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 22), recommending that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, without issuance and service of process and without further leave to amend, *id*. at 4.

On July 22, 2025, the Report was mailed to Plaintiff at the address she provided the court. (ECF No. 23). The Report has not been returned to this court marked as "undeliverable," so Plaintiff is presumed to have received it. Plaintiff was advised of her right to file specific objections to the Report and of the potential consequences of failing to do so. (ECF No. 22 at 6). Nonetheless, Plaintiff has not filed objections to the Report, and the time for doing do has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district

court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed the Report and the record and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 22), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED** with prejudice, without issuance and service of process and without further leave to amend.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

September 19, 2025
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.